FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 FEB 10 PM 1:40

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL FRANKLIN,              }
                               }
    Plaintiff,                 }
                               }
v.                             }     CASE NO. CV 97-B-0334-S
                               }
CITY OF BIRMINGHAM, a          }
municipal corporation, JOHNNIE }
JOHNSON, individually and in his }
official capacity as Police Chief of the }
City of Birmingham,            }                ENTERED
                               }
    Defendants.                }              FEB 1 0 1998

## MEMORANDUM OPINION

This matter is before the court on the unopposed Motion for Summary Judgment of defendants. Upon consideration of the record, the evidence submitted by the defendants, and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

In this suit, plaintiff alleges that the defendants discriminated against him on the basis of race in violation of 42 U.S.C. § 1981. In addition, plaintiff contends that the defendants deprived plaintiff of his rights under the First Amendment and Fourteenth Amendment of the U.S. Constitution as enforced by 42 U.S.C. § 1983.

On December 16, 1997, defendants filed the Motion for Summary Judgment presently before the court. On December 17, 1997, the court entered an order setting defendants' motion for summary judgment for oral argument on February 6, 1998.[1] Pursuant to Exhibit A attached to the court's Scheduling Order entered April 29, 1997, plaintiff's opposition brief

---

[1] Counsel for plaintiff showed up late for the hearing. With the court's permission, defendants' counsel had already left.

10

and evidence were due 21 days after defendants' motion was filed. At the scheduling conference, Exhibit A and the briefing requirements with regard to dispositive motions was thoroughly explained to counsel by the court. Plaintiff did not file any evidence in opposition to defendant's Motion for Summary Judgment and did not submit to the court a brief in opposition.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendants are entitled to a

judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendants. Thus, plaintiff has not only failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for defendants. Consequently, the court holds that the defendants' motion for summary judgment is due to be granted.

DONE this 11th day of February, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge